# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNSON BANK,**

    Plaintiff/Counterclaim-Defendant,

-vs-                    Case No. 14-C-403

**JEAN M. HASTER,**

    Defendant-Counterclaimant.

## DECISION AND ORDER

Pro se Defendant-Counterclaimant Jean M. Haster ("Haster") has filed a motion (ECF No. 22) to stay briefing and defer consideration of Plaintiff/Counterclaim-Defendant Johnson Bank's (the "Bank") summary judgment motion (ECF No. 17). Haster relies on Rule 56(d) of the Federal Rules of Civil Procedure, asserting that the Bank's summary judgment motion is premature because it was filed before discovery closed, and she needs to complete discovery, retain counsel to assist her with key depositions, and engage expert witnesses. Haster filed a 26-page declaration in support of her motion and has submitted a proposed amended schedule.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery. . . ." The nonmoving party's Rule 56(d) affidavit should explain why the additional discovery is necessary and demonstrate that it has not been dilatory in seeking such discovery. *See Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir. 2006); *Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1057 n.5 (7th Cir. 2000).[1] Simply claiming that a party has not had the opportunity to conduct discovery is not enough to defeat a motion for summary judgment. "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted. . . . In fact, [the Seventh Circuit] has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment].'" *Waterloo Furniture Components, Ltd. v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir. 2006).

Haster avers that she intends to take the depositions of Jeffery Cummisford and the Bank; that for a couple of months she has had unresolved disputes with the Bank about her written discovery requests; and that she needs to conduct discovery regarding the particular

---

[1] Rule 56(d) was formerly designated as Rule 56(f). *See* Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010.

circumstances of her alleged loan default, notice of the alleged default and her right to cure, the Bank's alleged mistaken filing of a satisfaction of mortgage, and other matters. (Haster Decl. ¶¶ 105, 107 112.) (ECF No. 23.)

The Bank asserts that it responded to Haster's interrogatories on December 22, 2014, and supplemented its answers on February 13, 2015, as well as producing 246 documents in response to her first request for production of documents. (Pl. Br. Opp'n Stay 3.) (ECF No. 26.) The Bank also states that the case was removed from state court on April 8, 2014, allowing Haster over a year to conduct discovery; that despite representing herself in this action, Haster's filings indicate she has a good understanding of federal procedure and law; and that its summary judgment motion is only on its claims, not Haster's counterclaims.

Under Rule 26(d)(1), discovery could not begin until after the June 23, 2014, Rule 26(f) conference. (*See* Rule 26(f) Reports.) (ECF Nos. 9, 10.) Haster's declaration offers sufficient detail regarding the facts she hopes to elicit, how they are expected to create a material issue of fact, the efforts she has made to obtain them, and why the efforts have been unsuccessful. Furthermore, Haster's issues for discovery relate to her affirmative defenses, which are relevant to the Bank's summary judgment motion. Thus, Haster's motion for a stay is granted to the extent that she may file

- 3 -

Case 2:14-cv-00403-LA   Filed 06/16/15   Page 3 of 4   Document 31

her response and supporting papers to the Bank's summary judgment motion on or before September 4, 2015. Any reply thereto must be filed on or before September 28, 2015. In all other respects, Haster's motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Haster's motion for a stay (ECF No. 22) is **GRANTED** to the extent that she **MUST** file any response and supporting papers to the Bank's summary judgment motion **on or before September 4, 2015**. Any reply thereto **MUST** be filed **on or before September 28, 2015**. In all other respects, Haster's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2015.

                            **BY THE COURT:**

                            */s/ Rudolph T. Randa*
                            **HON. RUDOLPH T. RANDA**
                            **U.S. District Judge**